# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1046

KA 16-00297

PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

SHANE K. CARLSON, DEFENDANT-APPELLANT.

---

BATTISTI & GARZO, P.C., BINGHAMTON (MICHAEL A. GARZO, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered October 21, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (two counts), criminally using drug paraphernalia in the second degree, assault in the second degree, tampering with physical evidence, resisting arrest and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). As part of the plea agreement, defendant was placed on interim probation and, pursuant to CPL 390.30 (6) (a), his sentencing was adjourned for one year. Defendant contends that County Court should have dismissed the indictment because sentencing did not occur until more than one year after he pleaded guilty. We reject that contention.

In pertinent part, CPL 390.30 provides that, "[i]n any case where the court determines that a defendant is eligible for a sentence of probation, the court, after consultation with the prosecutor and upon the consent of the defendant, may adjourn the sentencing to a specified date and order that the defendant be placed on interim probation supervision. *In no event may the sentencing be adjourned for a period exceeding one year from the date the conviction is entered*, except that upon good cause shown, the court may, upon the defendant's consent, extend the period for an additional one year where the defendant has agreed to and is still participating in a

substance abuse treatment program in connection with a . . . drug court" (CPL 390.30 [6] [a] [emphasis added]).

Here, defendant entered the guilty plea on June 4, 2012, and a sentencing hearing was scheduled for the morning of June 3, 2013. On that date, however, the court rescheduled the sentencing to the afternoon. Defense counsel informed the court that he was unavailable that afternoon, and sentencing was adjourned, upon the request of defense counsel, to June 17, 2013. Under the circumstances of this case, we conclude that the court properly denied defendant's subsequent motion to dismiss the indictment based on the court's failure to sentence him within one year of the date of his guilty plea inasmuch as the delay resulted from defense counsel's request for an adjournment.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court